UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHELLE L.Q., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-CV-0591-CVE-CDL |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is the Report and Recommendation (Dkt. # 23) recommending that the Court affirm the denial of disability benefits to plaintiff. Plaintiff has filed an objection (Dkt. # 24) to the report and recommendation, and she asks the Court to reverse the Commissioner's decision and remand the case for further administrative proceedings. Plaintiff argues that the administrative law judge (ALJ) failed to give sufficient weight to the opinions of a treating physician and a mental consultative examiner, and the ALJ ignored a prior finding by the Department of Veterans Affairs (VA) that plaintiff was disabled. Defendant responds that the ALJ applied the correct legal standards when reviewing the medical evidence, and the ALJ was not required to defer to a determination of disability made by another governmental agency. Dkt. # 25.

**I.**

In November 2015, plaintiff filed an application for disability benefits, and plaintiff's application was denied initially and upon reconsideration. Plaintiff requested a hearing before an ALJ, and a hearing before an ALJ was set for July 20, 2018. Dkt. # 11-4, at 33. Plaintiff was not

represented by an attorney at the hearing, and the ALJ issued a written decision denying plaintiff's claim for disability benefits. The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform light work with some limitations, and the ALJ found plaintiff not disabled at step five. Dkt. # 11-3, at 38-49. The Appeals Council remanded the ALJ's decision for further administrative proceedings to ensure that plaintiff had an opportunity to expand the record and for consideration of plaintiff's complaints of foot pain. Dkt. # 11-3, at 57-58. The ALJ held another hearing on November 15, 2019, and plaintiff was represented by counsel at the second hearing. Dkt. # 11-2, at 70. Plaintiff's attorney argued that the findings of a psychological consultative examination precluded plaintiff from performing any work, because she was unable to persist in simple tasks or interact with coworkers or supervisors. Id. at 71. As to physical limitations, plaintiff's attorney noted that plaintiff had significant pain in both feet, even after a substantial amount of treatment, and plaintiff also had problems with her knees and neck. Id. at 72-73.

     The ALJ issued a written decision denying plaintiff's claim for disability benefits. Plaintiff met the requirements for insured status and she had not engaged in substantial gainful activity since the alleged date of onset of disability of March 1, 2015. Dkt. # 11-2, at 18. The ALJ determined that plaintiff had the severe impairments of degenerative joint disease of the left knee, impingement of the right shoulder, obesity, posttraumatic stress disorder (PTSD), depression, anxiety, and status post surgery as to both feet and the right knee. Id. However, no impairment or combination of impairments met or medically exceeded the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 19. The ALJ considered whether the evidence supported any mental impairments under the paragraph B criteria, and he found that plaintiff had moderate limitations as to remembering or applying information, interacting with others, concentration,

persistence, or pace, and adapting or managing oneself. Id. Plaintiff did not have at least two marked limitations or one extreme limitation, and the paragraph B criteria for disability were not satisfied. Id. at 20. The ALJ found that plaintiff had the RFC to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except with additional limitations. The claimant is able to lift and/or carry ten pounds occasionally and up to ten pounds frequently. The claimant is able to stand and/or walk at least two hours in an eight-hour workday and sit at least six hours in an eight-hour workday. The claimant must avoid work above shoulder level. The claimant is able to perform simple, repetitive tasks. The claimant is able to interact with supervisors and coworkers no more than occasionally, but she is unable to work with the public.

Id. at 21. The ALJ thoroughly summarized plaintiff's testimony concerning her subjective complaints and her lengthy treatment history, and the ALJ noted that the VA had determined that plaintiff was "one-hundred-percent disabled." Id. at 32. Plaintiff had no past relevant work that was applicable for step four of the analysis, and the ALJ proceeded to step five of the analysis. The ALJ determined that jobs existed in sufficient numbers in the national economy that plaintiff could perform with her RFC, and the ALJ found plaintiff not disabled at step five.

Plaintiff asked the Appeals Council to review the ALJ's decision, but the Appeals Council found no basis to review the denial of plaintiff's claim for disability benefits. Dkt. # 11-2 at 2. Plaintiff filed this case seeking judicial review of the denial of her claim for disability benefits, and the matter was referred to a magistrate judge for a report and recommendation. The magistrate judge recommended that the Commissioner's decision be affirmed, and plaintiff has filed a timely objection (Dkt. # 24) to the report and recommendation.

## II.

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may

accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." The Court's task of reviewing the Commissioner's decision involves determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. "It is 'more than a scintilla, but less than a preponderance.'" Newbold v. Colvin, 718 F.3d 1257, 1262 (10th Cir. 2013) (quoting Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007)). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Martinez v. Barnhart, 444 F.3d 1201, 1204 (10th Cir. 2006) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)).

A party's right to de novo review is subject to the Tenth Circuit's "firm-waiver rule," which provides that "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." United States v. 2121 E. 30th St., 73 F.3d 1057, 1059-60 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." Id. at 1060. The Tenth Circuit has applied the firm-waiver rule when the plaintiff's objection to the report and recommendation merely asserted a series of errors without explaining why the magistrate's reasoning was erroneous. See Zumwalt v. Astrue, 220 F. App'x 770, 777-78 (10th Cir. 2007).[1]

---

[1] This and other cited unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

### III.

Plaintiff argues that the ALJ should have given greater weight to the opinions of Robert H. Lee, D.P.M., and Derrise L. Garner, Psy. D., and the ALJ failed to adequately discuss the VA's finding that plaintiff was fully disabled. Dkt. # 24, at 6. Defendant responds that the ALJ reasonably accounted for Dr. Lee's opinion concerning concrete floors by limiting plaintiff to sedentary work, and the ALJ provided an adequate explanation for declining to give greater weight to Dr. Garner's opinions concerning plaintiff's mental limitations. Dkt. # 25, at 2. Defendant also argues that the ALJ was not required to defer to the VA's disability finding, and the ALJ's analysis of this evidence was legally sufficient. Id. at 3.

The Commissioner uses a five-step, sequential process to determine whether a claimant is disabled and therefore entitled to benefits. See 20 C.F.R. § 404.1520(a)(4). "The claimant bears the burden of establishing a prima facie case of disability at steps one through four." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting Hackett v. Barnhart, 395 F.3d 1168, 1171 (10th Cir. 2005)). "Step one requires the claimant to demonstrate 'that [she] is not presently engaged in substantial gainful activity.'" Id. (quoting Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir.2005)). "At step two, the claimant must show 'that [she] has a medically severe impairment or combination of impairments.'" Id. (quoting Grogan, 399 F.3d at 1261). "At step three, if a claimant can show that the impairment is equivalent to a listed impairment, [she] is presumed to be disabled and entitled to benefits." Id. (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir.1988)). "If a claimant cannot meet a listing at step three, [she] continues to step four, which requires the claimant to show 'that the impairment or combination of impairments prevents him from performing his past

work.'"  Id. (quoting Grogan, 399 F.3d at 1261).  If the claimant meets this burden, the analysis continues to step five, where the burden of proof shifts to the Commissioner to show that the claimant retains sufficient residual functional capacity (RFC) to perform work in the national economy, given the claimant's age, education, and work experience.  Id. (citing Hackett, 395 F.3d at 1171).

In reviewing the ALJ's decision, the Court may not reweigh the evidence or substitute its judgment for that of the ALJ; the Court's task is to review the record to determine whether the ALJ applied the correct legal standard and if her decision is supported by substantial evidence.  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir.1988).  The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision.  Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

**Dr. Lee**

Plaintiff argues that the ALJ failed to give controlling weight to an opinion from a treating physician, Dr. Lee, that plaintiff could not walk on concrete floors.  Dkt. # 24, at 1-2.  Dr. Lee stated that plaintiff had a range of treatment for foot pain, including surgery, and her foot pain would return after temporary relief from the treatment.  Dkt. # 11-7, at 9.  He opined that he thought "it best that [plaintiff] not return to standing or walking on concrete floors."  Id.  The ALJ considered Dr. Lee's

opinion and gave it "some weight," and the ALJ stated that he would include appropriate limitations in the RFC. Dkt. # 11-2, at 31. The RFC limits plaintiff to sedentary work with "additional limitations," including that plaintiff not be required to stand or walk for more than two hours during an eight hour workday. Id. at 21.

Plaintiff claims that the ALJ did not engage in the required two-part analysis for examining the weight to be given to the opinion of a treating physician for claims filed before March 27, 2017. When determining whether a claimant is disabled, the ALJ must evaluate every medical opinion in the record. 20 C.F.R. § 404.1527(b). When evaluating a treating physician's opinion under § 404.1527, "the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct." Brownrigg v. Berryhill, 688 F. App'x 542, 548 (10th Cir. Apr. 19, 2017) (quoting Krauser v. Astrue, 638 F.3d 1324, 1330 (10th Cir. 2011)). First, the ALJ must determine whether the medical opinion qualifies for "controlling weight." Id. A treating physician's medical opinion is given controlling weight if, on the issues of the nature and severity of the plaintiff's impairments, the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." § 404.1527(c)(2). If the treating physician's opinion is entitled to controlling weight, the ALJ's analysis of the weight of that opinion is complete. However, if the ALJ determines that the medical opinion is not entitled to controlling weight, or if the ALJ is evaluating a non-treating physician's opinion, the ALJ must move onto step two and apply the following factors to determine how much weight to give the medical opinion:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and

>the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Watkins v. Barnhart, 350 F.3d 1297, 1301 (10th Cir. 2003).

The ALJ considered Dr. Lee's opinion and gave it some weight, but the Court agrees with plaintiff that the ALJ did not expressly engage in the required two-part analysis. The ALJ noted Dr. Lee's opinion concerning concrete floors and stated that the RFC accounted for this limitation, but the ALJ did not determine whether the opinion was entitled to controlling weight. The ALJ formulated an RFC limiting plaintiff to a subset of sedentary work, and the RFC provides that plaintiff cannot spend more than two hours per eight hour workday standing on any type of flooring. Dkt. # 11-2, at 21. Plaintiff claims that the ALJ's failure to engage in the appropriate analysis requires the Court to remand the case for further administrative proceedings, because a restriction concerning concrete floors could impact the jobs available at step five of the analysis. Dkt. # 24, at 2. However, a district court is not required to remand a case due to "certain technical errors [that] were 'minor enough not to undermine confidence in the determination of th[e] case,'" and the district court "could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004). In this case, the ALJ expressly considered Dr. Lee's opinion and included limitations in the RFC based on this opinion, and plaintiff has not identified any additional limitations that would have been included in the RFC had the ALJ engaged in a more extensive analysis of Dr. Lee's opinion. The Court finds that the ALJ's failure to consider whether Dr. Lee's

opinion concerning concrete floors should be given "controlling" weight does not mean that the ALJ ignored relevant evidence, and the limitations in the RFC adequately account for Dr. Lee's opinion. The Court finds that the ALJ's treatment of Dr. Lee's opinion was legally sufficient and does not provide a basis to remand the case for further administrative proceedings.

**Consultative Examiner**

Plaintiff argues that the ALJ erred in his consideration of the consultative examiner's opinions concerning plaintiff's mental limitations. Dkt. # 24, at 3-6. Plaintiff suggests that the mental limitations found by the CE would have supported at least a marked limitation in her ability to understand, remember, and perform detailed tasks, and this limitation would have limited the jobs that could have been considered at step five of the analysis. Id. at 5. Defendant responds that the magistrate judge correctly decided that the ALJ provided sufficient findings to support his conclusion that the consultative examiner's opinions were contradicted by other evidence in the record. Dkt. # 25, at 2.

Plaintiff was referred for a psychological consultative examination after filing her claim for disability benefits, and the examination was conducted by Dr. Garner. Dr. Garner summarized plaintiff's background and personal history, and plaintiff stated that she had been receiving counseling and psychiatric treatment at the VA hospital since 2012. Dkt. # 11-8, at 256-57. Plaintiff claimed that she engaged in limited self-grooming and cleaning and, for leisure activities, plaintiff claimed that she "looked blank and just sits." Id. at 257. Plaintiff described symptoms related to her diagnosis for PTSD and depression, and she stated that she had a tendency to spend a significant amount of time in bed. Id. at 258. Plaintiff claimed that her medication helped "sometimes," but

she still had significant amounts of time in which she experienced "sadness, isolation, flat affect, no energy, and no motivation." Id. Dr. Garner found no evidence of a major neurocognitive disorder or a severe impairment with attention or memory, and she determined that plaintiff was capable of understanding and remembering complex instructions. However, Dr. Garner concluded that plaintiff would be unable to persist in performing simple tasks, and she would have no ability to interact with the general public or coworkers. Id. at 259. Dr. Garner did not believe that further treatment for plaintiff's mental impairments would improve her functional limitations. Id. The ALJ found Dr. Garner's conclusions concerning plaintiff's ability to remember and understand complex instructions contradictory with the limitation that plaintiff was "incapable of performing simple tasks." Dkt. # 11-2, at 31. The ALJ also found other evidence in the record more persuasive as to plaintiff's daily activities, and he stated that plaintiff "furnished the consultative examiner with exaggerated information" about her daily life. Id.

Plaintiff argues that Dr. Garner's findings were not internally inconsistent and the ALJ erred when he stated that plaintiff provided "exaggerated" information about her daily life to the consultative examiner. Dkt. # 24, at 3-5. The ALJ reasonably concluded that Dr. Garner's opinions concerning plaintiff's mental status and limitations were not entitled to great weight, because Dr. Garner's opinions were based on plaintiff's misleading description of her daily activities and mental limitations. Plaintiff told Dr. Garner that she had no friends, engaged in limited activities around the home, and "looked blank and . . . just sits" for leisure activity. Dkt. # 11-8, at 257. A third party adult function report prepared by Sammie Morrison stated that plaintiff engaged in some cleaning, cooking, and grooming activities, and plaintiff liked to watch television and play video games in her leisure time. Dkt. # 11-6, at 21-28. Plaintiff reported that she had friends that came over to her

10

house to help her buy food and help her with chores, and she plays video games daily as a leisure activity.  Id. at 40-43.  Plaintiff told one of her physicians that she attended social gatherings and enjoyed fishing, and she had a service dog to help her when she felt "off."  Dkt. # 11-8, at 294.  Another physician noted that plaintiff had a "very active lifestyle in which she cuts and splits her own firewood and has a big garden to tend."  Dkt. # 11-9, at 236.  Most of the evidence in the administrative record shows that plaintiff tended to lead a more sedentary lifestyle, but the ALJ had substantial evidence to support his finding that plaintiff provided an "exaggerated" account of her daily activities during the consultative examination with Dr. Garner.  It appears that Dr. Garner's opinions were based almost entirely on plaintiff's subjective complaints and description of her daily life, and this significantly detracts from the reliability of Dr. Garner's findings as to plaintiff's mental limitations.  Therefore, the ALJ reasonably rejected Dr. Garner's proposed limitations concerning plaintiff's ability to persist with simple tasks and interact with others in even a limited capacity.[2]

---

[2] Plaintiff could also be arguing that the ALJ failed to consider a state examiner's finding that plaintiff had a marked limitation in her ability to understand, remember, and carry out detailed instructions, even though this is not specifically identified as an objection to the report and recommendation.  Dkt. # 24, at 5.  However, the state examiner also found that plaintiff had no limitations in her ability to carry out simple instructions or maintain concentration, and the RFC specifically limited plaintiff to "simple, repetitive tasks."  Dkt. # 11-2, at 21; Dkt. # 11-3, at 12-13.  The Court finds no inconsistency between the state examiner's findings and the RFC.  Plaintiff could also be arguing that the jobs identified at step five are inconsistent with the reasoning level associated with the ability to perform "simple repetitive tasks."  Dkt. # 24, at 5-6.  In a recent case, plaintiff's counsel raised the argument that a limitation to "simple repetitive tasks" precludes the performance of jobs that require level two reasoning, and the Court rejected this argument as inconsistent with Tenth Circuit precedent.  Peggy S.C. v. Kijakazi, 2021 WL 4148089 (N.D. Okla. Sep. 13, 2021).  In this case, the jobs identified at step five of the analysis do not require more than level two reasoning, and the Court finds no reason to reconsider its prior decision on the same legal issue.

**VA's Disability Determination**

Plaintiff argues that the VA determined that she was disabled under the same definition of "disability" used by the Social Security Administration, and the ALJ should have given great weight to the VA's disability determination. Dkt. # 24, at 6-7. Social Security regulations recognize that other governmental agencies make disability determinations using their own rules, but such determinations based on the rules of another agency are not binding on the Social Security Administration. 20 C.F.R. 404.1504. However, disability findings by other governmental agencies are relevant and entitled to persuasive value, and the ALJ must consider the disability determination of another agency and explain the persuasive value given to this evidence. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005).

The ALJ considered the VA's disability finding but gave this evidence little weight, because the disability finding was based on a different set of rules and regulations. Dkt. # 11-2, at 32. The VA found that plaintiff was "totally and permanently disabled" due to service connected disabilites, and she was receiving a monthly benefit of approximately $3,200 from the VA. Dkt. # 11-5, at 32. The primary physical impairment forming the basis for the award of disability benefits by the VA was bilateral plantar fascititis and left foot hallus valgus, and the VA also relied on a diagnosis of PTSD as a mental impairment supporting the award of benefits. Id. at 8-9. In September 2018, plaintiff contacted a VA physician, Ricky Kime, M.D., to request that he sign a form stating that she was completely unable to work in order to waive payments on her student loans, because another VA physician, David Kastner, M.D., had refused to sign the form. Dkt. # 11-9, at 411-12. Dr. Kime spoke to Dr. Kastner and confirmed that Dr. Kastner did not feel comfortable signing a form stating

that plaintiff could not perform any type of work. Id. at 412. Plaintiff asked another medical provider to fill out the student loan form, and a licensed practical nurse consulted with Dr. Kime, who advised the LPN that he was unable to represent that plaintiff was unable to engage in any substantial gainful activity. Id. at 417.

The Court finds that the ALJ did not ignore evidence concerning the VA's disability determination, and the ALJ's consideration of this evidence was legally sufficient. The ALJ expressly considered plaintiff's treatment history with the VA and reviewed the underlying medical evidence as to plaintiff's plantar fascitis and PTSD. Although the VA determined that plaintiff met the VA's definition of disability, VA physicians refused to sign a form stating that plaintiff was unable to perform any type of work. Plaintiff argues that the Social Security Administration and the VA use "practically" the same definition of disability, and the ALJ should have given greater weight to the VA's disability determination. Social Security regulations do not require the ALJ to give deference to another agency's disability finding, and plaintiff has made no attempt to show that the VA and the Social Security Administration apply a similar framework to determine if a claimant is disabled. The mere fact that the VA found that plaintiff was entitled to disability benefits was not automatically entitled to great weight. Instead, the ALJ appropriately considered the impairments and medical evidence cited by the VA as the basis for awarding disability benefits, and the ALJ undertook his own review of this evidence. Plaintiff has not shown that the ALJ ignored the VA's disability determination or the evidence underlying this determination, and the Court finds no basis to remand this case for further administrative proceedings.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. # 23) is **accepted**, and the Commissioner's decision denying plaintiff's claim for disability benefits is **affirmed**. A separate judgment is entered herewith.

**DATED** this 10th day of May, 2022.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE